Zbigniew MACISZEWSKI

v.

Thomas J. FLATLEY d.b.a.
The Flatley Company.

No. 96–598–Appeal.

Supreme Court of Rhode Island.

Jan. 9, 1998.

John F. McBurney, Pawtucket, for Plaintiff.

John D. Lynch, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the court for oral argument December 2, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Zbigniew Maciszewski, has appealed from a judgment entered in the Superior Court in favor of defendant, Thomas J. Flatley, d.b.a. The Flatley Company (Flatley). The judgment was entered pursuant to the granting of a motion by the trial justice for entry of judgment as a matter of law. Flatley was the owner of the Sheraton Tara Hotel in Warwick, Rhode Island. On March 8, 1992, plaintiff was struck while he was examining the engine of his automobile in the breakdown lane on Interstate Route 95 in the city of Providence. He had stopped his automobile in the breakdown lane because of an overheated engine. Before leaving his vehicle to inspect the engine, he had turned on his emergency blinkers. While he was so engaged, a motor vehicle driven in a northerly direction by Susan Berge–Kent (Kent) struck the rear of plaintiff's vehicle. Kent was on her way home from the Sheraton where she had consumed a number of glasses of wine over the course of several hours. As a result of this collision, plaintiff suffered serious injuries including the loss of a leg.

The State Trooper who responded to the call to the scene testified that Kent appeared to be intoxicated at the scene of the accident. She was observed by an eyewitness to the accident who testified that at or about 9:30 p.m. she saw Kent's car swerving wildly on Interstate Route 95 from the Elmwood Avenue exit until she collided with plaintiff's car. The police noted that Kent was wearing only one shoe, demonstrated slurry speech, smelled of alcohol, and could not walk without assistance. At 10:27 p.m. Kent was placed under arrest on a charge of driving while intoxicated. She was given a field sobriety test at the State Police barracks and performed poorly.

The plaintiff brought an action against Flatley as owner of the Sheraton, alleging that an employee or employees of Flatley's establishment negligently served alcohol to Kent while she was visibly intoxicated in violation of G.L.1956 § 3–14–6 (the Rhode Island Liquor Liability Act). In support of his appeal, plaintiff raises a number of issues.

■ He first contends that the trial justice excluded a prior inconsistent statement of Kent in response to her testimony that at 7 p.m. she was feeling fine and was walking in a steady manner. The apparent reason for exclusion was that a party could not impeach his own witness. This prior inconsistent statement would have indicated that Kent had previously admitted in a written statement to having felt the effects of the wine to a greater extent than she set forth in her direct testimony. It was reasonably obvious that Kent was a hostile witness. Rule 607 of the Rhode Island Rules of Evidence would permit the impeaching of the credibility of such a witness, even though called by the plaintiff, for any reason save evidence of bad character. Moreover, the foundation laid, though not a model of classic perfection, was adequate. Consequently the exclusion of the prior inconsistent statement was erroneous.

■ Second, plaintiff argues that the trial justice erred in sustaining an objection to the following question:

"Q. Do you have any recollection at all of being offered a taxi cab home?

"Mr. Lynch: Objection to the form of the question.

"The Court: Sustained.

"Q. Now, Mrs. Kent, you have told this jury that you had four 6 to 8–ounce glasses of wine. Is it possible that you had more than that?

"Mr. Lynch: Objection.

"The Court: Sustained."

The sustaining of the objections to the form of the foregoing questions was apparently based upon the trial justice's belief that counsel was cross-examining his own witness. As we have stated above, it was apparent that Kent was a hostile witness. In such circumstances it is appropriate to utilize leading questions in order to elicit truthful answers. See Rule 611(c) of the Rhode Island Rules of Evidence. As a consequence, we are of the opinion that the trial justice erred in sustaining objections to the foregoing questions.

■ The third issue raised by plaintiff is the exclusion of the result of a breathalyzer test. At 12:08 the following morning Kent was given a breathalyzer test. The test re-

vealed a reading of .24. Such a reading is approximately two and one-half times the legal limit of intoxication established by statute in this state. *See* G.L.1956 § 31–27–2. The trial justice excluded evidence of the results of the breathalyzer test on the ground that such evidence was not relevant to the state of her intoxication when she was drinking at the Sheraton. With this ruling we disagree.

We have held even in a criminal case that a jury may draw an inference that a breathalyzer reading taken subsequent to an accident would indicate the level of intoxication at the time of the accident. *State v. Lusi*, 625 A.2d 1350, 1355 (R.I.1993). In the case at bar it was undisputed that Kent had been in custody from the time of the accident until the time of the breathalyzer examination. A trier of fact could well draw the inference that her level of intoxication at the time of the accident and at the time that she was drinking at the Sheraton would have been significantly greater than it was at 12:08 the following morning. Her time of departure from the Sheraton and the time of the accident were only a few minutes apart. Her state of intoxication at the time of the breathalyzer test could certainly be found by a trier of fact to indicate that she was visibly intoxicated at the time she was served alcoholic beverages at the Sheraton.

By her own testimony she consumed at least four glasses of wine between 5 p.m. and the time of her departure from the Sheraton. She stated that she ordered a fifth glass of the same beverage but decided not to drink it just prior to leaving.

 In support of his fourth issue plaintiff argues that the trial justice erred in granting the motion for judgment as a matter of law. In passing upon such a motion, the trial justice must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of that party. *Long v. Atlantic PBS, Inc.*, 681 A.2d 249, 252 (R.I.1996); *Lutz Engineering Co. v. Industrial Louvers, Inc.*, 585 A.2d 631, 635 (R.I.1991). Such a motion may be granted under circumstances in which the evidence permits only one legitimate conclusion in regard to the outcome. *Kenney*

*Manufacturing Co. v. Starkweather & Shepley, Inc.*, 643 A.2d 203, 206 (R.I.1994).

We are of the opinion that the trial justice erred in excluding evidence upon which a jury might have drawn an inference concerning Kent's state of intoxication when she was served her drinks at the Sheraton. If such evidence had been included, we are of the opinion that this and other evidence, viewed in the light most favorable to the plaintiff, would have warranted a trier of fact in finding that Kent was visibly intoxicated at the time she was served her alcoholic beverages at the Sheraton. Consequently the trial justice was in error in granting the motion for judgment as a matter of law.

For the reasons stated, the plaintiff's appeal is sustained. The judgment entered in the Superior Court is vacated, and the case is remanded to that court for a new trial.